UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SUSAN CLOSSON and CHARLES R. CLOSSON,

    Plaintiffs,

v.

BANK OF AMERICA, N.A., et al.,

    Defendants.

2:11-CV-275 JCM (GWF)

## ORDER

Presently before the court are defendant Bank of America's ("BANA") four motions *in limine*. (Docs. ## 52-55). Plaintiffs Susan and Charles Closson ("Closson") have filed responses to each motion *in limine*. (Docs. ## 63-66).

Also before the court are the Clossons' three motions *in limine*. (Docs. # 59-61). BANA has filed a response to each motion *in limine*. (Docs. ## 71-73).

**I.    Background**

BANA and the Clossons entered into a contract with certain terms and conditions. BANA agreed to lend the Clossons money to fund the construction of a home. If the construction was timely completed on an agreed upon date, BANA would roll over the loan into permanent financing. If the Clossons did not timely complete construction by the agreed upon date, BANA, at its option, could elect to extend the construction completion date and financing in the contract. The Clossons could also elect, at the same time, to pay a fee to lock in the rate and loan terms. If the Clossons

**James C. Mahan**
**U.S. District Judge**

1  elected not to lock in the rate and loan terms at that time, then the rates and terms would shift
2  according to market rates as provided in the contract.

3      The Clossons did not complete construction by the agreed upon deadline date. BANA
4  elected to extend the deadline and offered to roll over the rate and terms of the loan into permanent
5  financing. The Clossons elected not to pay the fee to lock in the rates and terms, and to take their
6  chances with market rates. The fluctuating market caused interest rates to increase. Sometime
7  thereafter the Clossons defaulted and BANA eventually foreclosed on the property.

8      The parties do not appear to agree on the facts or the terms of the contract following the
9  Clossons' decision to decline to lock in rate and terms protection. The Clossons alleged that BANA
10 breached the terms of the contract with its conduct and computations of fees after the Clossons
11 declined to exercise rate and terms protection. The Clossons claim substantial damages. BANA
12 denies the allegations and alleges it fully complied with the terms of the contract.

13     The court will address each motion *in limine* filed by each party in turn.

14 **II.**     **BANA Motion *in Limine* No. 1 (doc. # 52)**

15     BANA "anticipates that [the Clossons] will attempt to introduce evidence or argument related
16 to other litigation, investigations, settlements and other unrelated matters involving [BANA],
17 including news reports." (Doc. # 52, 2:17-19). BANA argues such evidence is irrelevant under Fed.
18 R. Evid. 402, unfairly prejudicial under Fed. R. Evid. 403, and improper character evidence under
19 Fed. R. Evid. 404. BANA argues that complaints by other consumers and news reports are
20 inadmissable hearsay. This is a very broad request by BANA.

21     Closson agrees not to attempt to offer evidence that is truly irrelevant. However, plaintiff
22 then qualifies that statement by stating BANA's "behavior in analogous or near identical situations
23 is certainly related to the present case, and could provide valuable information." (Doc. # 63, 1:27-
24 2:1). Closson argues that one specific case, *Bobby Shomer v. Bank of America*, is material because
25 it involves a nearly identical loan, the same defendant, the same attorneys, the same builder and the
26 same counsel on both sides.

27 . . .

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  A court's holding and guidance in a motion *in limine* can only be as specific as the request
2  sought by the moving party. The court agrees with BANA that the majority of other litigation,
3  investigations, news reports, and settlements are either irrelevant or specifically excluded under one
4  of the federal evidentiary rules. However, trials are dynamic and the federal rules permit evidence
5  for certain purposes and exclude the exact same evidence offered for a different purpose depending
6  on the testimony elicited or arguments made during trial.

7  The court cannot hold that no other litigation, settlement, compromise or investigation could
8  ever be relevant or otherwise inadmissible during the trial. The court can only instruct the parties
9  that all the Federal Rules of Evidence will apply throughout the duration of trial. Both sets of
10  counsel can make specific objections as they feel are necessary during the course of the proceedings.
11  The motion is DENIED consistent with the foregoing.

12  **III.     BANA Motion *in Limine* No. 2 (doc. # 53)**

13  This motion *in limine* moves the court for an order precluding the Clossons from making four
14  very specific types of statements to the jury. First, BANA moves the court to prohibit the Clossons
15  from "making statements regarding alleged misconduct by other banks and corporations, general
16  corporate greed, the need for corporate America and defendant to be sent a message. . . ." (Doc. #
17  53, 3:13-15). BANA refers to these statements as "send a message" arguments.

18  Second, BANA moves the court to "exclude any 'Golden Rule arguments' to the jury
19  imploring the jury to put themselves in plaintiffs' shoes." (Doc. # 3:23-24).

20  Third, BANA moves the court "for an order prohibiting any expression of counsel's personal
21  opinion regarding the credibility of any witness." (Doc. # 4:2-3).

22  Fourth, BANA moves the court to preclude "reference to [the] attempt to argue or attempt
23  to introduce evidence of the relative size of BANA–in terms of assets, revenue or other measure–as
24  compared to plaintiffs, or any statements tending to suggest that the outcome should be based upon
25  the party who will be affected the least." (Doc. # 53, 4:7-9).

26  All four arguments or statements are never proper and are prohibited in front of the jury.
27  *E.g., Lioce v. Cohen*, 174 P.3d 970, 984 (Nev. 2008) ("An attorney may not make a golden rule

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  argument, which is an argument asking jurors to place themselves in the position of one of the
2  parties. Golden rule arguments are improper because they infect the jury's objectivity."); *see also*
3  *DeJesus v. Flick*, 7 P.3d 459 (Nev. 2000) (providing examples of attorney "arguments to the jury
4  [that] far exceeded the boundaries of professional conduct"), *overruled on other grounds by Lioce*
5  *v. Cohen*, 174 P.3d 970 (Nev. 2008). The motion is GRANTED.

6  **IV.    BANA Motion *in Limine* No. 3 (doc. # 54)**

7  BANA moves the court "to exclude [the Clossons] and their counsel from proffering any
8  evidence, arguing, referring to or mentioning any information or documents related to alleged acts
9  or omissions of BANA that [the Clossons] claim fraudulently induced them into obtaining the
10 subject construction loan." (Doc. # 54, 1:21-25). BANA argues that any evidence or testimony that
11 BANA made material misrepresentations and/or omissions at the time of contract formation are
12 irrelevant because Closson has not alleged fraudulent inducement. According to BANA, Closson
13 admits there was a valid contract so evidence regarding contract formation is irrelevant.

14 Closson filed a response arguing that the critical issue in the case is the interpretation of
15 certain clauses in the contract. Closson argues that to prove that the contract is ambiguous requires
16 extrinsic evidence of the circumstances and communications surrounding the contract formation.

17 Whether the meaning of a contract clause is ambiguous is a question of law. *See Anvui, LLC*
18 *v. G.L. Dragon, LLC*, 163 P.3d 405, 407-408 (Nev. 2007). In *Anvui*, the Nevada Supreme Court
19 stated:

21  "Construction of a contractual terms is a question of law. . . . In interpreting a contract, the
22  court shall effectuate the intent of the parties, which may be determined in light of the
    surrounding circumstances if not clear from the contract itself. A contract is ambiguous
23  when it is subject to more than one reasonable interpretation. Any ambiguity, moreover,
    should be construed against the drafter. The parties' intentions regarding a contractual
    provision present a question of fact."

25 *Id.* at 407 (internal quotations and citations omitted). Neither party has filed a motion to the court
26 arguing that any part of the contract is either ambiguous or unambiguous, so the court has never
27 decided the issue. The parties argue past each other in the motions and do not squarely address the

issues presented by the other.

It is true that the Clossons cannot argue or attempt to admit evidence demonstrating fraudulent inducement because the Clossons did not allege that cause of action. However, a valid contract can be ambiguous. If a contract is ambiguous, the intentions and circumstances leading up to contract formation become relevant. The intentions and circumstances leading up to contract formation will necessarily require the parties to delve into facts and statements leading up to contract formation.[1]

Even though both parties agree a valid contract exists, the facts, circumstances, and intentions of the parties could all be relevant. The interpretation of terms of a contract and the intent of the parties will necessarily determine whether a breach a occurred under the contract and if there are any damages. The motion is GRANTED, consistent with the foregoing.

V.   **BANA Motion *in Limine* No. 4 (doc # 55)**

BANA moves the court "to exclude [the Clossons] and their counsel from proffering any evidence, arguing, referring to or mentioning any information or documents related to other construction loans originated by BANA." (Doc. # 55, 1:21-23). BANA argues that other construction loans originated by BANA are irrelevant, prejudicial, and would confuse the jury. BANA states that evidence of its other construction loans, and decisions whether to convert other construction loans into permanent loans like in the instant dispute, would never be relevant, and would never be permissible under any of the Federal Rules of Evidence (such as Rules 404 and 406, among others).

The Clossons argue that at least one other case, *Bobby Shomer v. Bank of America*, is probative because of all the similarities to the facts in the instant dispute. (Doc. # 52). A completely different case cannot become relevant solely because it is similar to the instant case. The motion is GRANTED.

. . .

---

[1] If BANA believes, after Closson has presented its case, that the contract is unambiguous then BANA may file a motion for judgment as a matter of law at the appropriate time.

### VI. Closson Motion *in Limine* No. 1 (doc. # 59)

The Clossons move the court "to prohibit [BANA] from offering and/or soliciting any direct or indirect evidence or making any argument related to [the Closson's] financial condition after January 30, 2009." (Doc. # 59, 1:26-28). The Clossons argue that January 30, 2009, is the last possible date their financial position could be relevant because that was the last date of their payment to BANA.

BANA opposes the motion and argues that the Clossons were not finished with the construction on the property by January 30, 2009, therefore their financial condition after that date remains relevant because it would effect the contract terms in rollover financing. BANA argues that the ability to make payments on the loan is directly relevant to what interest rate and "points" would apply in the new, rollover loan. Finally, BANA argues that the Clossons continued to make draws on the contract until April 17, 2009, well after January 30, 2009, which was the cutoff date suggested by plaintiffs.

This motion seeks an order too broad for the court prior to trial. The court cannot contemplate all the different ways in which the relevance of evidence may manifest during trial. Fed. R. Evid. 401 establishes a low bar of what evidence is potentially relevant–"any tendency to make a fact more or less probable than it would be without the evidence." The evidence is relevant to the interest rates and "points" that would apply in the new loan, which is at the heart of the dispute. The motion is DENIED, but the Clossons can make timely objections during trial if they believe evidence, even if relevant, should be excluded under another rule.

### VII. Closson Motion *in Limine* No. 2 (doc. # 60)

The Clossons move the court to "prohibit [BANA] from offering and/or soliciting any direct or indirect evidence or making any argument related to changes in the value of the property during or after its construction." (Doc. # 60, 1:26-28). The Clossons argue that the issue to be decided in the case is whether BANA breached the terms of the contract. The Clossons then argues that damages are calculated at the time of the breach, and that fluctuations in value do not affect the measure of damages.

1    BANA opposes the motion and argues that the value of the property during and after
2 construction is relevant because those fluctuations would affect interest rates and "points" that the
3 Clossons would be required to pay in the rollover loan after the Clossons refused rate protection.
4 BANA argues that the property value and market rate of the property were a necessary factor.

5    The court agrees with defendant that the evidence is relevant under the lenient standards of
6 Fed. R. Evid. 401 and 402.  The property value would seem to have a direct effect on the terms and
7 rates of the new loan.  The motion is DENIED, but the Clossons may make timely objections during
8 the trial if they believe evidence, even if relevant, should be excluded under another rule.

9 **VIII.  Closson Motion *in Limine* No. 3 (doc. # 61)**

10    The Clossons move the court "to prohibit [BANA] from offering and/or soliciting evidence
11 regarding changes in [the Closson's] financial condition after entering into the subject contracts
12 and/or the payment history of the subject loan prior to laying the proper foundation."  (Doc. # 61,
13 1:28-2:3).

14    BANA opposes the motion and argues that the Clossons put their financial condition and
15 payment history at issue when they failed to complete construction on time and then refused rate
16 protection.

17    The court agrees with BANA that the evidence is relevant under the low bar established by
18 Rules 401 and 402.  The motion is DENIED, though the Clossons can make timely objections during
19 trial if they believe evidence, even if relevant, should be excluded under a different rule.

20 **IX.  Conclusion**

21    Relevancy is a very broad concept under the Federal Rules of Evidence.  Much of what the
22 parties seek to exclude is relevant and probative of the issues to be decided by the jury.  However,
23 even if evidence is relevant under Rules 401 and 402, a number of other rules could exclude the
24 evidence (such as 403, 404, etc).  The parties must adjust to the dynamic nature of trials and make
25 objections as they become warranted during the trial.

26    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion *in*
27 *limine* (doc. # 52) be, and the same hereby, is DENIED consistent with the foregoing.

28

**James C. Mahan**
**U.S. District Judge**

- 7 -

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that defendant's motion *in limine* (doc. # 53) be, and the same hereby, is GRANTED.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that defendant's motion *in limine* (doc. # 54) be, and the same hereby, is GRANTED consistent with the foregoing.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that defendant's motion *in limine* (doc. # 55) be, and the same hereby, is GRANTED consistent with the foregoing.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiff's motion *in limine* (doc. # 59) be, and the same hereby, is DENIED consistent with the foregoing.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiff's motion *in limine* (doc. # 60) be, and the same hereby, is DENIED consistent with the foregoing.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiff's motion *in limine* (doc. # 61) be, and the same hereby, is DENIED consistent with the foregoing.

DATED December 19, 2012.

_____
**UNITED STATES DISTRICT JUDGE**