**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SUSAN CLOSSON and CHARLES R. CLOSSON,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>Defendants. | 2:11-CV-275 JCM (GWF) |

**ORDER**

Presently before the court is defendant Bank of America's motion for attorney's fees. (Doc. # 102). Plaintiffs Susan and Charles Closson filed a response in opposition (doc. # 106), and defendant filed a reply (doc. # 109).

**I.    Factual Background**

On January 30, 2007, Plaintiffs borrowed $4.4 million from defendant Bank of America ("BANA") in a construction-to-permanent financing loan. If the plaintiffs did not timely complete construction by the agreed upon date, BANA, at its option, could elect to extend the construction completion date and financing in the contract. The plaintiffs could also elect, at the same time, to pay a fee to lock in the rate and loan terms. If the plaintiffs elected not to lock in the rate and loan terms at that time, then the rates and terms would shift according to market rates as provided in the contract.

. . .

**James C. Mahan**
**U.S. District Judge**

The plaintiffs did not complete construction by the agreed upon deadline date. BANA elected to extend the deadline and offered to roll over the rate and terms of the loan into permanent financing. The plaintiffs elected not to pay the fee to lock in the rates and terms, and to take their chances with market rates. The fluctuating market caused interest rates to increase. Plaintiffs eventually defaulted.

The parties did not agree on the facts or the terms of the contract following the plaintiffs' decision to decline to lock in rate and terms protection. The plaintiffs filed this suit and alleged that BANA breached the terms of the contract with its conduct and computations of fees after the plaintiffs declined to exercise rate and terms protection. BANA conducted a trustee sale after the initiation of this lawsuit.

This court conducted a jury trial on two of plaintiff's causes of action: breach of contract and breach of the implied covenant of good faith and fair dealing. Following a jury verdict, this court entered judgment in favor of defendant Bank of America and against plaintiffs for both the breach of contract and breach of the implied covenant of good faith and fair dealing claims.

Following the jury trial, BANA filed the instant motion for attorney's fees. BANA seeks fees based on language in the contract between the parties.

## II.     Legal Standard

Federal Rule of Civil Procedure 54(d)(2)(B)(ii) provides that a motion for attorneys' fees must "specify the judgment and the statute, rule, or other grounds entitling the movant to the award." "A party moving for attorney's fees must therefore assert an independent source of authority for an award." *Assurance Co. of America v. Nat'l Fire & Marine Ins. Co.*, 2:11-cv-00275-JCM-GWF, 2012 WL 6626809, at *1 (D. Nev. Dec. 19, 2012).

In an action where a district court is exercising its subject matter jurisdiction over a state law claim, so long as "state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed." *Alyeska Pipeline Serv. Co. V. Wilderness Soc'y*, 421 U.S. 240, 259 n.31 (1975) (quoting Moore's Federal Practice § 54.77[2] (2d ed. 1974)). N.R.S.

James C. Mahan
U.S. District Judge

- 2 -

§18.010(1) provides that, "the compensation of an attorney and counselor for his or her services is governed by agreement, express or implied, which is not restrained by law." "Nevada follows the American rule that attorney fees may not be awarded absent a statute, rule, or contract authorizing such award." *Thomas v. City of N. Las Vegas*, 122 Nev. 82, 90 (Nev. 2006).

### III.  Discussion

Defendant contends that its contract with the plaintiffs entitles it to attorney's fees. The note provides for reasonable attorneys' fees when "enforcing this Note," (doc. # 102, Exh. A, clause 7(E), and the deed of trust provides for reasonable attorneys' fees "in connection with Borrower's default," (doc. # 102, Exh. B, clause ¶ 14). Plaintiffs argue that these contracts are limited to providing for attorneys' fees only in connection with enforcement actions and that defendant's defense to their action for breach of contract and breach of implied covenant of good faith and fair dealing did not constitute enforcement.

The court applies general rules of contract interpretation when interpreting a contract provision that provides for attorneys' fees. As such, the court "will not construe [an attorneys' fees contract] provision to have broader application." *Campbell v. Nocilla*, 101 Nev. 9, 12 (Nev. 1985). In *Campbell*, the Supreme Court of Nevada reversed a decision to award attorneys' fees to the respondent because the contract provision did not expressly allow for recovery under the circumstances presented. *Id.* The contract provision stated, "[i]n case suit is brought to enforce this contract, I [appellants] agree to pay reasonable attorney's fees as the court may fix in said suit." *Id.* (edits in original). The court noted that the appellants' brought suit not to enforce the the terms of the contract, but, rather, for the purpose of indemnication.

Accordingly, the court reversed the award for attorney's fees because the contract did not expressly provide for attorney's fees in the situation presented. *Id.; see also In re LCO Enterprises, Inc.,* 180 B.R. 567 (B.A.P. 9th Cir. 1995) aff'd, 105 F.3d 665 (9th Cir. 1997) (affirming denial of attorneys' fees because defending a bankruptcy preference action was not enforcing the lease contract); *Amar v. LSREF 2 APEX 2, LLC,* 2:12-CV-969-JCM-RJJ, 2013 WL 1269637 (D. Nev. Mar. 25, 2013) (denying a motion for attorneys' fees when plaintiffs filed suit seeking rescission of

the contract, not enforcement); *Dobron v. Bunch,* 125 Nev. 460, 215 P.3d 35 (2009) (overturning an award for attorneys' fees because the court concluded that defense of usury does not constitute collecting or compromising); *First Commercial Title v. Holmes*, 92 Nev. 363 (Nev. 1976) (overturning an award for attorneys' fees when the action sought was to enjoin a trustee's sale, not the grounds mentioned in the provision – commencement of a suit for collection on the promissory note).

This case is similar to those cited above. The contract does not explicitly state that attorney's fees may be recovered when defending an action brought under the same contract for breach of contract and breach of the implied covenant of good faith and fair dealing. As the Nevada Supreme Court stated in *Campbell,* the court "will not construe [an attorneys' fees contract] provision to have broader application" than the express terms of the contrat. *Campbell*, 101 Nev. at 12.

In this case, construing the contract language to include the defense to this suit would be construing the provision to have broader application and is thus impermissible. Just as in *LCO Enterprises, Amar, Dobron,* and *First Commercial,* the contract needs to explicitly include the exact scenario in which a party may recover attorney's fees. The scenario in this case is not provided for in the contract. Defending a breach of contract or breach of implied covenant of good faith claim is no more part of enforcing a contract that the defense of the bankruptcy preference action in *LCO Enterprises* or the defense of the suit seeking rescission in *Amar.*

Further, this case proceeded to a trial by jury, meaning that the contract contained ambiguous language. In this case, the defendant never filed a motion to dismiss or a motion for summary judgment. This is particularly compelling in a contract case because at the summary judgment stage, if the contract is unambiguous, then the court can adjudicate the matter as a question of law and the case would never proceed to a jury trial. The defendant necessarily concedes that the contract contained ambiguous language by permitting the case to go to a jury trial without ever filing a motion for summary judgment.

. . .

. . .

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Bank of America et al.'s motion for attorneys' fees (doc. # 102) be, and the same hereby is, DENIED.

DATED June 27, 2013.

_____
**UNITED STATES DISTRICT JUDGE**